UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MALLIKA CHOCKALINGAM, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DR. PERIAKARUPPA CHOCKALINGAM,**

**Plaintiff,**

**v.** **Case No. 6:25-cv-1777-CEM-DCI**

**SONIDA OVIEDO, LLC, CAPITAL SENIOR LIVING, INC.,**

**Defendants.**

______________________________/

# ORDER

THIS CAUSE is before the Court on Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 7). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 32), recommending that the Motion be granted.[1] Plaintiff filed Objections (Doc. 33) to which Defendants filed a Response (Doc. 35).

[1] The R&R also recommended that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 28) be denied as moot.

## I. BACKGROUND

Plaintiff Mallika Chockalingam ("Ms. Chockalingam") brings claims on her own behalf and on behalf of her deceased husband, Periakaruppa Chockalingam ("Dr. Chockalingam"), against Defendants, which are the owners and operators of an assisted living facility, for the alleged wrongful death of Dr. Chockalingam. (*See generally* Compl., Doc. 1-1). Defendants moved to compel arbitration based on the arbitration provision contained in the Benton Residency Agreement (Doc. 7-1 at 8–9), which Ms. Chockalingam signed on both the "Resident Signature" line and the "Responsible Party Signature" line, (*id.* at 9).

Plaintiff opposed arbitration, arguing that Dr. Chockalingam never agreed to arbitrate because he did not sign the Benton Residency Agreement and that Ms. Chockalingam did not sign on his behalf. (Response, Doc. 18, at 1–2). Plaintiff also asserted that Defendants were not parties to the Benton Residency Agreement because they did not own or operate the facility at the time, and therefore, Plaintiff argued Defendants could not enforce the arbitration provision. (*Id.*). And finally, Plaintiff argued that when Defendants took over operations, they required all residents to sign a new agreement, the Addison Agreement (Doc. 18-1), which superseded the Benton Residency Agreement. (Doc. 18 at 2).

In their Reply, Defendants pointed out that the Addison Agreement was never signed by either Dr. or Ms. Chockalingam; it was only signed by their son, Kannan

Chock, who did not have power of attorney for his parents, and therefore, it did not supersede the Benton Residency Agreement. (Doc. 18-1 at 67, 70).

The Magistrate Judge determined that both Dr. and Ms. Chockalingam were parties to and bound by the Benton Residency Agreement, that the Benton Residency Agreement was properly assigned to Defendants, and that Ms. and Dr. Chockalingam were not parties to the Addison Agreement, and therefore, the Addison Agreement did not supersede the Benton Residency Agreement. (*See generally* Doc. 32). As such, the Magistrate Judge recommended granting Defendant's Motion and compelling arbitration. Plaintiff objects to these recommendations.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Analysis

Plaintiff objects to the Magistrate Judge's finding that Dr. Chockalingam was party to and bound by the Benton Residency Agreement, (Doc. 33 at 8–10), that the assignment of rights allows Defendants to enforce the arbitration provision in the Benton Residency Agreement, (*id.* at 6–7), and that Ms. and Dr. Chockalingam were not parties to the Addison Agreement, (*id.* at 2–6). The Court has reviewed and considered all of Plaintiff's Objections to the R&R on a *de novo* basis and finds they lack merit. Therefore, the Court will adopt the R&R and need not "restate what was already detailed" by the Magistrate Judge. *Williams v. Omega Labs. Inc.*, 2026 WL 1847300, at *2 (11th Cir. June 26, 2026).

However, the Court will briefly elaborate on Plaintiff's argument as to the Addison Agreement. Plaintiff argues, in relevant part, that Ms. and Dr. Chockalingam were parties to the Addison Agreement even though they did not sign it because the contract was signed by Defendants and because the parties performed under the contract.[2] Plaintiff did not make these arguments before the Magistrate Judge. According to Plaintiff, this issue was "first raised in Defendants' Reply" to the Motion to Compel and the Objections were "Plaintiff's first opportunity to respond to this argument." (Doc. 33 at 2). However, Plaintiff did not seek leave to

[2] The remaining objections regarding the Addison Agreement were thoroughly addressed in the R&R, which the Court adopts and incorporates herein.

file a sur-reply to the Motion to Compel to fully address these issues in front of the Magistrate Judge. And district courts are not required to consider arguments that were not first presented to the magistrate judge. *Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (collecting cases).

Moreover, Plaintiff's arguments are without merit. "[N]on-signatories are generally not bound by contracts." *ConSeal Int'l Inc. v. Neogen Corp.*, 488 F. Supp. 3d 1257, 1270 (S.D. Fla. 2020). "However, a court can enforce a written contract despite the absence of a party's signature if other facts or circumstances establish mutuality or assent." *Morali v. Mayan*, 377 So. 3d 1182, 1184 (Fla. 4th DCA 2024). "Under such circumstances, a court should 'look to a party's words and conduct to determine whether the party assented to the agreement." *Id.* at 1184–85 (quoting *Fi-Evergreen Woods, LLC v. Robinson*, 135 So. 3d 331, 336 (Fla. 5th DCA 2013)).

Plaintiff has provided no evidence that Ms. or Dr. Chockalingam were even aware of the Addison Agreement at the time it was signed by Defendants, much less that they intended to be bound by the agreement or believed they were acting pursuant to it. The only evidence on the record shows that Defendants wanted all residents to sign the new agreement, but it was only sent to Ms. and Dr. Chockalingam's son, who signed it only in his own capacity as the "responsible party" and guarantor. (*See* Chock Aff., Doc. 18-5, at 1–2; Gresh Aff., Doc. 18-3, at 1; Ms. Chockalingam Aff., Doc. 18-2, at 2). There is no evidence that their son held

any sort of ability to sign on their behalf. And because there was already an agreement in place governing Ms. and Dr. Chockalingam's living arrangements, the fact that they continued to live there and pay rent is not evidence that they believed they were operating under a new agreement.

## IV. CONCLUSION

After a *de novo* review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 32) is **ADOPTED** and made a part of this Order.
2. Plaintiff's Objections (Doc. 33) are **OVERRULED**.
3. Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 7) is **GRANTED**.
   a. **On or before October 1, 2026**, Plaintiff shall initiate arbitration.
   b. Also **on or before October 1, 2026** and **every 180 days thereafter**, Plaintiff shall file a report as to the status of arbitration with the Court.
   c. This case is otherwise **STAYED** pending the outcome of arbitration.
4. All other pending motions are **DENIED as moot**.

5. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record